**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RAYMOND CLAUDIO,

    Plaintiff,

vs.                                    Case No. 3:13-cv-1236-J-32JRK

DAVID SHOAR,

    Defendant.

## ORDER

Plaintiff Raymond Claudio, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 and common law negligence against St. Johns County Sheriff David Shoar for alleged deprivation of his civil rights while in prison. (Doc. 1.) This case is before the Court on Shoar's motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 10.) Claudio opposes this motion. (Doc. 12.) Upon review of the filings and the record, the Court rules as follows.

**I.  Background**

According to his complaint, on September 1, 2011, Claudio, proceeding pro se, pled guilty to a misdemeanor charge in Florida state court in St. Johns County, Florida, and was sentenced to a term of imprisonment in the St. Johns County Jail. (Doc. 1 at ¶ 10.) Claudio claims that, while imprisoned, he filed an appeal of his guilty plea that was denied on procedural grounds for failure to file a motion to withdraw his guilty plea under Rule 3.170(l) of the Florida Rules of Criminal

Procedure. (Id. at ¶¶ 14-15.) Claudio contends that he was unaware of the procedural requirements for filing an appeal because he had been denied access to legal material while in St. Johns County Jail pursuant to two separate prison policies allegedly enacted by Shoar. (Id. at ¶¶ 12-16.) First, Shoar allegedly restricted access to legal materials to inmates classified as pro se litigants on pending civil actions. (Id. at ¶ 9.) Claudio claims that, after pleading guilty, he was improperly removed from the list of pro se litigants and was thus ineligible to review legal materials under this policy. (Id. at ¶ 11.) Second, Shoar allegedly granted inmates access to legal materials if they paid a fee. (Id. at ¶ 17.) Claudio avers that he was indigent, and thus unable to pay for access to legal materials. (Id. at ¶ 18.) Further, Claudio alleges that Lieutenant Hardy at the jail refused to allow Claudio to use a phone to hire a private investigator.[1] (Id. at ¶ 28.)

On October 11, 2013, Claudio filed a four-count complaint against Shoar, alleging claims under 42 U.S.C. § 1983 for denial of access to courts, equal protection of the laws, and due process of law, and a claim for negligence under Florida state law for allegedly breaching a duty to provide Claudio access to courts. (Id. at ¶¶ 26-29.) Claudio seeks both declaratory relief and compensatory damages. (Id. at 3-4.) Shoar filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1)

---

[1] Claudio calls Hardy "Defendant Hardy" in his complaint, but does not name him as a defendant in the caption. To the extent that Claudio intends to include Hardy as a defendant in this action, the single sentence pled against him is inadequate to give rise to a claim. If Claudio wishes to bring a claim or claims against Hardy, he should amend his pleadings to include further allegations supporting that claim(s).

and 12(b)(6) (Doc. 10), and Claudio filed a response in opposition (Doc. 12).

## II.   Standard of Review

When reviewing a facial attack on subject matter jurisdiction under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts all factual allegations in the complaint as true, construing them in the light most favorable to the plaintiff. McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007). Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Erickson v. Paradus, 551 U.S. 89, 93 (2007). However, a plaintiff must plead more than legal conclusions, and set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

Because Plaintiff proceeds pro se, his pleadings are held to a less strict standard than pleadings drafted by counsel, and are liberally construed. Tannenbaum v. United States, 148 F.3d. 1262, 1263 (11th Cir. 1998). However, this does not excuse pro se plaintiffs from meeting the minimal pleading standards. Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010).

3

## III.   Discussion

### A.   Subject Matter Jurisdiction

Shoar argues that Claudio's claim should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Claudio's claims for injunctive relief became moot when he was released from jail.  (Doc. 10 at 2, 5-6.)

The mootness doctrine derives from the limitation in Article III of the United States Constitution on the jurisdiction of federal courts to hear only actual cases and controversies, which requires that a claim present an actual dispute between adverse litigants.  Smith v. Allen, 502 F.3d 1255, 1266 (11th Cir. 2007); see U.S. Const. art. III, § 2, cl. 1.  A court lacks subject matter jurisdiction over cases in which there is no longer a live controversy with respect to which the court can give meaningful relief. Smith, 502 F.3d at 1267.

Injunctive relief is a prospective remedy intended to prevent future injuries. Id. at 1266.  When a prisoner is released from confinement, there is no longer a need for the court to protect him from alleged unlawful conditions, and his claims for injunctive and declaratory relief become moot.  Id.  A claim for monetary relief, however, does not expire upon the termination of a prisoner's confinement. McKinnon v. Talladega Cnty., Ala., 745 F.2d 1360, 1362 (11th Cir. 1984) (citing to Johnson v. Am. Credit Co., 581 F.2d 526. 530 (5th Cir. 1978)).  Unlike injunctive and declaratory relief, monetary relief is retrospective and compensates the claimant for past harms.  Id.

4

Thus, to the extent that Claudio seeks declaratory relief, his claims are moot because he is no longer subjected to the St. Johns County Jail policies that form the basis of his claims. However, Claudio's requests for compensatory damages and punitive damages are not moot upon his release from jail. Therefore, this Court has subject matter jurisdiction over Claudio's claims for damages.

### B.     Access to Courts

Shoar contends that Claudio's § 1983 claim for denial of access to the courts should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for relief because Claudio failed to allege that he expressly requested access to the jail's legal materials and was affirmatively denied. (Doc. 10 at 1, 3.)

The constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing them with adequate law libraries or assistance from adequate legal professionals. Bounds v. Smith, 430 U.S. 817, 828 (1977). The Eleventh Circuit has interpreted Bounds to impose an affirmative obligation upon states to ensure that *all inmates* have meaningful access to the courts as defined in Bounds. Staub v. Monge, 815 F.2d 1467, 1471 (11th Cir. 1987). See also Hawthorne v. Wells, 761 F.2d 1514, 1516 (11th Cir. 1985) ("All prisoners . . . have court-enforced access to legal research materials or assistance from persons trained in the law").

In order to establish a claim for denial of access to the courts, a prisoner's complaint must allege an actual injury. Lewis v. Casey, 518 U.S. 343, 349-50 (1996). "Actual injury may be established by demonstrating that an inmate's efforts to pursue

5

a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action." Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). At the pleading stage, general factual allegations of injury resulting from inadequacies of the prison's legal resources are sufficient to establish a claim for denial of access to the courts. Lewis, 518 U.S. at 358

In his complaint, Claudio alleges that he filed an appeal of his conviction, but that it was denied for failure to comply with procedural requirements of which he was unaware because he lacked access to legal materials. (Doc. 1 at ¶¶ 15-16.) Denial of an appeal for failure to comply with procedural requirements can be an injury in fact where the inmate also alleges sufficient facts that he was prevented from accessing legal resources that would have apprised him of the filing technicalities. Lewis, 518 U.S. at 351 (stating that actual injury may be demonstrated by alleging that "a complaint [that a prisoner] prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known"). In his complaint, however, Claudio merely states the conclusion that he was denied access to the St. Johns County Jail's legal materials. (Doc. 1 at ¶ 15.) As Shoar points out, Claudio does not plead that he ever actually requested access. (Doc. 10 at 3.) The allegations that a policy existed, limiting use of legal resources to inmates categorized as pro se litigants, without any allegation that he requested access to these resources and was denied under the policy, is insufficient to support a claim for denial of access to the courts.

In his response to Shoar's motion to dismiss, Claudio alleges that he did

6

request legal materials from a "Mr. Strickland," and was denied access for over a month because he was not on the list of pro se litigants. (Doc. 12 at 3.) If true, Claudio should include that allegation in his complaint, along with information regarding who "Mr. Strickland" is and what role he plays with respect to accessing the St. Johns County Jail law library and to the allegedly unconstitutional library policies.

Further, it is unclear from the complaint how the alleged denial of access to legal materials fits chronologically with Claudio's attempt to appeal his conviction and the state court's denial. Claudio's amended complaint should include what information he has regarding when he requested legal materials, was denied access, and when he filed his notice of appeal. This information is also important to understand whether Claudio sustained a true injury in fact.

### C. Equal Protection

Claudio also alleges that Shoar's unofficial policy to give inmates access to legal materials for a fee discriminates against indigent inmates, including himself, in violation of the constitutional right to equal protection of the laws. (Doc. 1 at ¶¶ 17-20.) Shoar contends that Claudio has failed to state an equal protection claim and it should thus be dismissed pursuant to Rule 12(b)(6). (Doc. 10 at 4.) At this point in the pleadings, the Court agrees.

It is not clear whether Claudio claims that the jail policy requires payment for access to the jail's law library or payment for copies of the materials in the law library. (Doc. 1 at ¶¶ 17, 19-20) (referring both to legal materials and copies of legal

7

materials). As a matter of equal protection of the law, prisons are required to provide indigent inmates "with the basic tools of an adequate defense or appeal, when those tools are available for a price to other inmates," Britt v. North Carolina, 404 U.S. 226, 227 (1971), but prisons are not required to provide inmates copies of legal materials free-of-charge, Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983). Claudio should replead his equal protection claim to clarify this point.

**D.    Negligence**

Finally, in one sentence, Shoar states that Claudio's claim for negligence should be dismissed for failure to allege sufficient facts to state a claim of action. Though Shoar's argument is bare-boned, the Court agrees that the negligence count should be dismissed. To the extent that prison officials have an affirmative duty to provide inmates access to the courts, Bounds, 430 U.S. at 824, the source of the duty is the constitutional right to access the courts. The remedy for a constitutional violation is a claim under § 1983, which Claudio has attempted to allege. Thus, the negligence claim should be dismissed.[2]

Accordingly, it is hereby

**ORDERED:**

1.    Defendant's Motion to Dismiss (Doc. 10) is **GRANTED**. Plaintiff's claim for negligence is **dismissed with prejudice**, and Plaintiff's claims for denial of access to the courts, due process, and equal protection of the law are **dismissed**

---

[2] The Court does not foreclose the possibility that Plaintiff might have some other state law remedy.

**without prejudice** with leave to amend.

   2.   Plaintiff shall file an Amended Complaint in accordance with this Order no later than **September 15, 2014**.   Defendant shall file a response to the Amended Complaint no later than **October 15, 2014**.

   **DONE AND ORDERED** in Jacksonville, Florida, this 17 day of July, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of Record

Pro se plaintiff