**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RAYMOND A. CLAUDIO,

        Plaintiff,

vs.                                  Case No. 3:13-cv-1236-J-32JRK

DAVID B. SHOAR, in his official capacity
as Sheriff of St. Johns County, Florida,
and LT. HARDY, St. Johns County Sheriff's
Department,

        Defendants.

**ORDER**

Pro se plaintiff Raymond Claudio is suing David Shoar, the Sheriff of St. Johns County, and Lieutenant Hardy, one of his deputies, claiming that Claudio was denied access to legal materials and a telephone while he was an inmate in their custody, in violation of his First Amendment right of access to the courts and his equal protection and due process rights. In an earlier Order (Doc. 19), the Court dismissed these claims without prejudice to filing an amended complaint, which Claudio has now done (Doc. 20). Defendants are moving to dismiss Claudio's amended complaint and he has responded in opposition. See Docs. 22, 25, 30, 32.

**I.    Standard of Review**

When ruling on a motion to dismiss, the Court reviews the complaint assuming that the facts as pled are true, and the Court construes those facts in the light most favorable to the plaintiff. See Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). The

"[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[N]aked assertions devoid of further factual enhancement" are not enough.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  And, while the Court construes the filings of pro se parties more liberally than those filed by lawyers, this does not mean that the Court can rewrite plaintiff's filings to create a cause of action where one does not exist.  See Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

**II.     Access to the Courts**

The constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing them with adequate law libraries or assistance from adequate legal professionals.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  The Eleventh Circuit has interpreted Bounds to impose an affirmative obligation upon states to ensure that all inmates have meaningful access to the courts as defined in Bounds.  Staub v. Monge, 815 F.2d 1467, 1470 (11th Cir. 1987).  To establish a violation of this right, a prisoner must allege an actual injury.  Lewis v. Casey, 518 U.S. 343, 349-55 (1996).  "Actual injury may be established be demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action."  Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006).

Construing the allegations of Claudio's amended complaint in a light most favorable to him, Claudio alleges he was denied access to legal materials pursuant to an informal policy of the Sheriff that denies access to legal materials to those who are both pro se and

indigent.[1]  When the Court dismissed Claudio's original complaint, one of the deficiencies noted was that Claudio had failed to allege that he had ever requested legal materials.  See Order, Doc. 19 at 6.  In his amended complaint, Claudio cures that defect (at least in part) by reciting various dates on which he requested legal materials.[2]  See Amended Complaint, Doc. 20 at ¶¶ 11, 13, 29.  However, while he claims that the Sheriff has a policy of not providing legal materials to indigent pro se parties and that he was told by "Mr. Strickland" that he would not be provided any legal materials, he further alleges that he in fact received the requested materials, albeit too late for them to be helpful.[3]  This contradicts Claudio's

---

[1]This is a generous reading of his allegations.  As the Sheriff points out, Claudio's amended complaint states that the policy allows access to those who are indigent and those who can pay- - which of course includes everyone.  However, in his original complaint, as best as the Court could tell (see Order, Doc. 19 at 2), Claudio alleged that the access granted to indigent inmates was reserved to those represented by counsel leaving him, as a pro se indigent inmate, without the means to pay and therefore without access.  The Court assumes that this is the alleged policy he complains of here too.

[2]Other allegations regarding when he requested legal materials remain vague.  See Doc. 20 at ¶¶ 25, 28.

[3]Claudio alleges that he requested legal materials between August 30 and September 27 but did not receive them until on or about October 6.  Presuming his notice of appeal was due to be filed October 1, the materials would have come too late.  However, Claudio does not allege that the untimeliness was due to any policy.  Moreover, it would stretch Bounds to read it as requiring immediate access to legal materials.  Indeed, there is authority suggesting that pro se criminal defendants such as Claudio are entitled to no access to legal materials under Bounds because, having waived the right to counsel, such defendants have been accorded (and rejected) all the access to the courts that Bounds requires.  See, e.g., Smith v. Hutchins, 426 F. App'x 785, 789 (11th Cir. 2011) ("We have held that a criminal defendant who seeks to proceed pro se has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel.") (citing Edwards v. United States, 795 F.2d 958, 961, n.1, 3 (11th Cir. 1986)); Rodriquez v. Chatman, Case No. 5:15-cv-2-CAR-CHW, 2015 WL 4162980, * 7 (M.D. Ga. 2015) (holding that while the plaintiff had the right to represent and defend himself against then pending criminal charges, his choice to proceed pro se did "not entitle him to unrestricted access to

3

theory that the Sheriff has a policy of not providing legal materials to pro se indigent inmates. As to some of his requests, Claudio alleges that they "disappeared" but does not allege that the disappearance was due to any policy to deprive pro se indigent inmates of access to legal material. Reading Claudio's allegations in the light most favorable to him, the Court cannot find that he has adequately alleged a violation of access to the courts.[4]

### III. Equal Protection

Claudio also alleges that the Sheriff's policy of not providing access to legal materials to indigent pro se inmates violates his right of equal protection. In his responses to defendants' motions to dismiss, Claudio argues that he has stated a "class of one" equal protection claim because, whatever the Sheriff's policy, Claudio did not receive the legal materials when he needed them and was thus singled out for discriminatory treatment.[5] To

---

the law library, as court-appointed counsel is available to criminal defendants"). The Court does not rely on these authorities as a basis to reject Claudio's claim outright because he has alleged that his waiver of counsel was not valid (see Doc. 20 at ¶ 8), and because, having already been sentenced, his case was in a slightly different procedural posture than those discussed above and others holding similarly.

[4]Claudio alleged that the denial of his access to caselaw was pursuant to the Sheriff's policy-- thus, this claim did not involve Lieutenant Hardy, who is named in her individual capacity.
    In his amended complaint Claudio also complains that some of the caselaw he was provided did not include headnotes and that he was denied access to a phone to contact a private investigator. See Doc. 20 at ¶¶ 29, 33. It is not clear whether Claudio is alleging that these incidents were pursuant to the Sheriff's informal policy regarding access to legal materials or not. Claudio did not allege that either of these circumstances were due to his indigency nor did he allege how he was injured by them. Thus, even assuming that receiving headnotes and calling private investigators fall under the umbrella of access to the courts (which is frankly doubtful), Claudio's allegations do not support a claim for denial of that right.

[5]In this section of his brief, Claudio seems to acknowledge that the Sheriff's policy does allow access to legal materials by all criminal defendants. See Doc. 30 at 14.

4

establish a "class of one" equal protection claim, a plaintiff must allege that he has been "intentionally treated differently from others similarly situated" and that there was "no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The burden of establishing the "similarly situated" prong is rigorous. Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1207 (11th Cir. 2007). Alleging that "nameless, faceless" others or "even 'all other[s]' were treated differently, do[es] not state an equal protection claim . . . ." GRJ Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). As noted above, while perhaps claiming that the Sheriff has an informal policy of not providing legal materials to indigent pro se inmates, Claudio states that he did eventually receive the requested materials. He has not alleged anything about any other inmates or whether their requests for legal materials were handled more promptly. Thus, the Court cannot find that he has alleged a class of one equal protection claim.

**IV.   Due Process**

Claudio alleges that Lieutenant Hardy violated his due process rights when she refused to allow him access to a phone to call a private investigator. Claudio did not respond to her motion which argues that the right to make a telephone call is not protected by the Fourteenth Amendment Due Process Clause. The Court agrees that Claudio has not stated a claim for a violation of his due process rights. See McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (holding that only "fundamental" rights, such as most of those enumerated in the Bill of Rights, are accorded substantive due process clause protection); Grayson v. King, 460 F.3d 1328, 1340 (11th Cir. 2006) (explaining that a procedural due process

violation only occurs where the government's process or procedure "deprive[s] individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment") (citations omitted).

**V.   Conclusion**

Claudio's Amended Complaint fails to state a claim.  He has been provided an opportunity to amend once already; the Court has no reason to believe that further amendment could cure the defects.  Accordingly, it is hereby

**ORDERED**:

Defendant David B. Shoar's and Defendant Lieutenant Hardy's Motions to Dismiss (Docs. 22 & 25) are **GRANTED**.  Plaintiff Raymond A. Claudio's Amended Complaint (Doc. 20) is **DISMISSED WITH PREJUDICE**.  The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of September, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
copies to:
counsel of record
pro se parties